United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 23, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 06-60377

**MELISSA CONNE,**

**Plaintiff-Appellant-Cross-Appellee,**

**versus**

**SPEEDEE CASH OF MISSISSIPPI, INC.,**

**Defendant-Appellee-Cross-Appellant.**

**Appeals from the United States District Court
for the Southern District of Mississippi
(5:04-CV-178)**

Before KING, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Speedee Cash of Mississippi, Inc. appeals being held in violation, and thereby having lost the use, of the Fair Labor Standards Act's Fluctuating Work Week (FWW) method for certain wage payments to former employee Melissa Conne. Conne appeals the denial of attorney's fees. **AFFIRMED IN PART; VACATED AND REMANDED IN PART.**

I.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Conne was employed by Speedee Cash at a salary calculated according to the FWW method provided in 29 C.F.R. § 778.114. Accordingly, she was to receive a fixed weekly salary, regardless of the number of hours worked, while the rate of pay for her overtime fluctuated, depending on the total number of hours worked in the week for which the calculation was based.

Two days' pay was deducted from Conne's salary due to her absence from work (1) on 12 March 2002, when she was moving, and (2) on 6 May 2002, when she stated she was sick. As a result, Conne filed this action, claiming: Speedee Cash deducted improperly from her salary; and, therefore, it was barred from using the FWW to compute her wages and owed her overtime pay at time-and-a-half her hourly rate for the overtime she worked from the date of the first improper calculation forward.

The district court held Speedee Cash was required to pay Conne $1,393.08 in overtime wages because: although the deduction for 12 March (absent because moving) was proper, it had *not* adhered to the FWW on 6 May; and, after one violation, an employer cannot use the FWW for the wrongfully-deducted employee. Nevertheless, it denied Connee liquidated damages and attorney's fees because it found Speedee Cash acted in good faith, complying with the FWW at all times other than for 6 May. *Conne v. Speedee Cash of Miss., Inc.*, No. 5:04CV178 (S.D. Miss. 11 Oct. 2005).

II.

2

Speedee Cash's challenge to the district court's FWW analysis and Conne's challenge to the denial of attorney's fees are addressed in turn.

A.

We review *de novo* the district court's holding that, as a matter of law, one violation of the FWW by an employer disallows its future application. *E.g.*, **Deaton v. Comm'r of Internal Revenue**, 440 F.3d 223, 226 (5th Cir. 2006).

The FWW method provides that overtime hours may be paid at one-half the hourly rate, determined by dividing the number of hours worked in the workweek into the amount of the salary. 29 C.F.R. § 778.114. An employer may pay an employee pursuant to this method where: (1) the employee's hours fluctuate from week to week; (2) she receives a fixed weekly salary, regardless of the number of hours worked that week; (3) "the salary is sufficiently large to assure that no workweek will be worked in which the employee's average hourly earnings from the salary fall below the minimum hourly wage rate"; (4) "the employee clearly understands that the salary covers whatever hours the job may demand in a particular workweek"; and (5) the employee receives a 50 percent overtime premium in addition to the fixed weekly salary for all hours in excess of 40 worked that week. **Id.**

At issue is *not* whether Conne qualified for this method of

3

payment, but whether, by violating the FWW once by failing to pay Conne for a sick day, Speedee Cash lost the FWW as a method of calculation for that and future pay periods for Conne. Although the district court held the law bars a one-time violator of the FWW from using that method for the wrongfully-deducted employee, § 778.114 does *not* impose any criteria in addition to the five listed above.

Accordingly, as long as those criteria are met, one violation will *not* bar the employer from using the FWW for calculating future pay. Because the deduction for the day she was sick was improper, however, Conne is entitled to her established weekly salary. *See* Wage & Hour Division, U.S. Department of Labor, Opinion Letter, 12 May 2006, 2006 WL 1488849 ("[I]t is the longstanding position of the Wage and Hour Division that an employer utilizing the fluctuating workweek method of payment may not make deductions from an employee's salary for absences occasioned by the employee.... If the deductions are made frequently or consistently, then the practice of making such deductions would raise questions as to the validity of the compensation plan".).

The district court found Speedee Cash had "meticulously compl[ied] with the FWW at all times other than the one day deduction wrongfully made on May 6, 2002". **Conne**, No. 5:04CV178, at 4. As a result, Conne was entitled to $84.61, the difference between her established weekly salary of $423.07 and $338.46, the

4

amount she was paid for the week of 6 May. But, because she worked only 37.47 hours that week, she was *not* entitled to overtime pay. Moreover, Speedee Cash claims it overpaid Conne by $107 and thus owes her nothing for the 6 May deduction. (In this regard, the district court agreed Speedee Cash was due a credit for $107.91.) We remand this matter to district court to determine the damages, if any, Speedee Cash owes Conne pursuant to this analysis.

B.

A denial of attorney's fees is reviewed for abuse of discretion, with underlying questions of law reviewed *de novo* and findings of fact reviewed only for clear error. *CenterPoint Energy Houston Elec. LLC v. Harris County Toll Road Auth.*, 436 F.3d 541, 550 & n.17 (5th Cir.), *cert. denied*, 126 S. Ct. 2945 (2006).

Conne contends she is entitled to an award of attorney's fees, as the prevailing party, pursuant to 29 U.S.C. § 216(b). That section provides the court *shall* allow a reasonable attorney's fee to be paid by a defendant held in violation of 29 U.S.C. §§ 206 or 207. Those sections involve minimum wage and overtime pay. Conne does *not* dispute Speedee Cash paid her the minimum wage. Nor does she claim working any overtime hours during the week at issue for which she should be compensated. Accordingly, the district court did *not* abuse its discretion by not awarding attorney's fees.

III.

5

For the foregoing reasons, the denial of attorney's fees is **AFFIRMED**; the judgment is **VACATED in PART**; and this matter is **REMANDED** to district court for calculation of damages, if any.

6